**JON B. EISENBERG**
**1970 BROADWAY, SUITE 1200**
**OAKLAND, CA 94612**
**(510) 452-2581**

October 28, 2013

Mr. Mark Langer, Clerk
U.S. Court of Appeals, D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

      Re:   *Aamer v. Obama*, No. 13-5223 (consolidated with Nos. 13-5224, 13-5225, and 13-5276)

Dear Mr. Langer:

      We write in response to the Government's letter to the Court dated October 24, 2013.

      The Government's letter states that on October 18, 2013—the same day as the oral argument of this case—appellant Dhiab's "designation as a hunger striker was removed," and thus "none of the four petitioners is currently designated as a hunger striker or approved for enteral feeding." The letter suggests that this "recent factual development . . . may potentially affect the Court's jurisdiction." Evidently the Government believes that because JTF-GTMO ceased force-feeding Dhiab and designating him as a hunger striker simultaneously with or just after oral argument in this Court, this appeal has become moot.

      Respondents have a long history of seeking under the pressure of litigation to evade judicial review in Guantánamo detainee cases. And they revert to type here, suddenly announcing a "recent factual development" entirely of their own making and on the heels of a hearing where the Court inquired extensively into the jurisdictional issue presented.

      It is well settled, however, that the voluntary cessation of unlawful conduct does not moot a case in which the legality of the conduct is challenged, unless (1) there is no reasonable expectation that the conduct

Mr. Mark Langer, Clerk
U.S. Court of Appeals, D.C. Circuit
October 28, 2013
Page -2-

will recur, and (2) interim relief or events have eradicated the effects of the conduct. *See, e.g., Kifafi v. Hilton Hotels Retirement Plan*, 701 F.3d 718, 725-26 (2012). The Government cannot, merely by ceasing Dhiab's force-feeding and suspending his designation as a hunger striker, "deprive [this Court] of jurisdiction with a wave of its hand." *Id.* at 725. However quickly the Government can "remove" Dhiab's designation as a hunger striker, it can just as quickly reinstate that designation after a mootness disposition. The Government's force-feeding protocols have not been withdrawn and remain applicable to whomever the Government says is a hunger striker.

The undersigned counsel have not succeeded in communicating with Dhiab since July 30, 2013, at which time he was still being force-fed. Thus, we have no knowledge of the "recent factual development" asserted in the Government's letter. If this litigation were to be dismissed as moot, it should happen only after an evidentiary determination of the factual issues raised by the Government's suggestion of mootness. This Court must decide the jurisdictional issue before any such proceeding can occur.

At the hearing before this Court on October 18, 2013, the undersigned counsel argued that at this time the Court should decide *only* the jurisdictional issue, and not yet decide the merits of appellants' challenge to their force-feeding and the denial of their right to pray in congregation, "because we haven't had a full chance to litigate [the merits] yet." *See* Reporter's Transcript of Oct. 18, 2013, at 18. We urge the same point with regard to the Government's suggestion of mootness: It should be fully litigated in the district court, *after* this Court resolves the jurisdictional issue.

Finally, out of an abundance of caution, we will expeditiously file in this Court a motion by a currently hunger-striking Guantánamo detainee, Imad Abdullah Hassan (D.D.C. Civ. No. 04-1194 (UNA)), to intervene in this appeal in order to protect his rights and preserve this Court's jurisdiction should the Court otherwise be inclined to issue a mootness disposition. *See International Union v. Scofield*, 382 U.S. 205, 217 n.10

Mr. Mark Langer, Clerk
U.S. Court of Appeals, D.C. Circuit
October 28, 2013
Page -3-

(1965) (intervention on appeal in cases other than direct review of agency decisions is governed by criteria in Fed. R. Civ. P. 24); *NML Capital, Ltd. v. Republic of Argentina*, No. 12-105 (2d Cir. Nov. 28, 2012) (order granting motion "for leave to intervene as interested non-parties for the purpose of appealing orders entered by the district court . . . and for the purpose of seeking a stay pending appeal"); *cf. Nuesse v. Camp*, 385 F.2d 694, 699-701 (D.C. Cir. 1967) (intervention to avoid creation of adverse precedent); *Wolpe v. Poretsky*, 144 F.2d 505, 507-08 (D.C. Cir. 1944) (intervention for purpose of pursuing appeal). We anticipate filing that motion by November 4, 2013.

                              Respectfully submitted,

October 28, 2013            **JON B. EISENBERG**
                              1970 Broadway, Suite 1200
                              Oakland, CA 94612
                              (510) 452-2581

                              /s/
                              _____
                              Jon B. Eisenberg

October 28, 2013            **REPRIEVE**
                              Cori Crider
                              Clive Stafford Smith
                              Tara Murray
                              P.O. Box 72054
                              London EC3P 3BZ
                              United Kingdom
                              011 44 207 553 8140

                              /s/
                              _____
                              Cori Crider

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Signature: s/ Jon B. Eisenberg